Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Kevin Amini

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN AMINI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRO CUSTOM SOLAR, LLC,<br><br>Defendants. | **CASE NO.: 8:17-cv-2244-JVS-SK**<br><br>**JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F)**<br><br>**Hon. James V. Selna**<br><br>**Date**: **August** 6, 2018<br>**Time:** 1:30 p.m. |

Plaintiff KEVIN AMINI ("Plaintiff") and Defendant PRO CUSTOM SOLAR, LLC ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

### A. MEDICAL INCIDENT

Defendant's Counsel apologizes for this report's late submission. The attorney primarily handling the defense of this matter recently had a new child on July 9, 2018, and needed to work limited hours. Defendant's Counsel needed to take a further leave of absence for the unanticipated surgery of an immediate family member on July 27, 2018. Defendant's Counsel was unable to review and collaborate on this report with sufficient time for its timely submission, and Defendant's Counsel apologizes for the delay.

### B. SYNOPSIS

**Plaintiff:** Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), for Defendant's unauthorized and unwelcomed prerecorded marketing call dialed via an Automatic Telephone Dialing System, in violation of the TCPA. Plaintiff brings this action on behalf of himself and similarly situated consumers. Plaintiff learned that the call was placed by Defendant's vendor, and thereafter, the vendor connected Plaintiff with Defendant, via a number provided by Defendant.

**Defendant:** Defendant denies the allegations in Plaintiff's Complaint, denies any wrongdoing, denies Plaintiff's claims are amenable to class treatment in any respect, and expressly denies that Plaintiffs are entitled to any relief including, but not limited to, the relief sought in the Complaint.

Investigation remains ongoing, but the Defendant's records have shown that Defendant did not call Plaintiff. Defendant's records establish that Plaintiff was dialed by a telemarketer that Defendant had retained on a trial basis. Defendant PCS terminated the relationship with the telemarketer after three weeks.

Defendant maintains that it is not subject to personal jurisdiction in this forum for purposes of Plaintiff's claims. Defendant's Motion to Dismiss is currently pending before this Court with a scheduled hearing date of August 6, 2018.

Defendant maintains that Plaintiff's individual claims lack merit. Defendant

further maintains that even if Plaintiff's individual claims have merit, PCS is the wrong Defendant and PCS has no liability. Furthermore, Plaintiff's claims are not certifiable.

## C. LEGAL ISSUES

**Plaintiff:** Plaintiff foresees the primary legal issues to rest upon whether Defendant is liable under vicarious liability principles for its vendor's unlawful conduct. Plaintiff believes that this issue may be resolved at a motion for summary judgment stage.

**Defendant:** Even assuming that the Court finds jurisdiction over Defendant, there are numerous legal issues with Plaintiff's claims:

1. Whether Defendant is vicariously liable: Defendant did not dial Plaintiff; rather, a telemarketer briefly retained by Defendant—Virtual Sales Solutions, LLC ("VSS")—dialed the Plaintiff. Defendants in similar cases have seen defensive summary judgments affirmed on appeal. *Jones v. Royal Admin. Servs.*, Inc., 887 F.3d 443 (9th Cir. 2018); *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010 (9th Cir. 2018); *Thomas v. Taco Bell Corp.*, 582 Fed. App'x 678, 679 (9th Cir. 2014).

2. The absence of "commonality" for purposes of Rule 23: Even assuming that the Plaintiff has a viable individual claim against Defendant, there are numerous grounds why commonality is absent. The actual dialer—VSS—is not party to this case. Without discovery from VSS, it is impossible to know whether commonality is even *colorable*. PCS's records produced for jurisdictional discovery indicate that no individual transferred by VSS to PCS complained about a prerecorded voice. Those records also show that a number of

dialed numbers identified themselves as businesses, which would preclude TCPA liability (unless the number went to a cellphone). These reasons, and others, demonstrate the absence of commonality.

3. The absence of "typicality" for purposes of Rule 23: PCS's records produced for jurisdictional discovery show that a number of individuals were categorized as "wrong numbers," suggesting that VSS had obtained consent to dial numerous individuals.

Defendant notes that the existing legal definition of "Automatic Telephone Dialing System" was recently overturned in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C.C. 2018). Typicality would be lacking if different dialing methods were used for different class members. These reasons, and others, demonstrate that typicality is absent.

4. Plaintiff's Status as a "Professional Plaintiff": Plaintiff Amini is a professional plaintiff. Defendant believes that this fact distinguishes *Chen v. Allstate Insurance Co.*, 819 F.3d 1136 (9th Cir. 2016), and that Defendant is entitled to satisfy Plaintiff's claim under the applicable procedures of the California Civil Code. In actions by professional plaintiffs, class claims are *not* 'inherently transitory' or at risk of evading review. There are no ground for excepting the mootness rules arising under Article III.

**D.  PERSONAL JURISDICTION**

The parties are in the process of briefing the issue whether Defendant is subject to specific personal jurisdiction, before the parties can proceed. In the event

that this Court finds personal jurisdiction over the action, the parties do not dispute venue.

E. **DAMAGES**

**Plaintiff:** Plaintiff prays for the following on behalf of himself and similarly situated individuals:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any other relief the Court may deem just and proper.

**Defendant:** This is a vicarious-liability TCPA case, not a direct-liability TCPA case. The only damages potentially at issue are $500.00 negligent violation damages under 47 U.S.C. § 227(b)(3)(B).

F. **INSURANCE**

**Plaintiff:** None.

**Defendant:** None.

G. **MOTIONS**

**Plaintiff:** At this time, it is possible that Plaintiff will file a motion to add Defendant's vendor, "VSS," which Plaintiff is attempting to locate.

**Defendant:** Defendant anticipates filing a Motion for Summary Judgment and Motion to Moot the Class Claims, as well as other potential motions.

H. **DISCOVERY AND EXPERTS**

The Parties intend to serve written discovery requests upon each other, which may include requests for documents, interrogatories, requests for admissions, and

requests for inspection and testing. Depositions will also be required.

**Plaintiff:** At this early stage in litigation Plaintiff anticipates testimony from the following witnesses: (a) Plaintiff; (b) the employees and/or agents of Defendant who communicated via telephone with Plaintiff; (c) the employees/and or agents who maintained contact with Defendant's Vendor, VSS, at the time of the call to Plaintiff; (d) the persons most knowledgeable for Defendant's vendor, VSS, regarding the issues at hand. Plaintiff, at a minimum, will be seeking documents regarding (a) Defendant's outbound call lists; (b) VSS's outbound call list; (c) Defendant's and VSS' records related to consent of the putative class members; (d) documents related to the dialer used to call Plaintiff.

**Defendant:** Defendant does not anticipate any witnesses additional to those identified by Defendant.  Defendant anticipates that discovery may entail inquiry into matters and issues constituting trade secrets.  Defendant shall circulate within the next thirty days a draft stipulated protective order.

### I.      DISPOSITIVE MOTIONS

**Plaintiff:** Plaintiff anticipates filing for a motion for summary judgment upon conclusion of the discovery.

**Defendant:** Defendant anticipates filing for a motion for summary judgment upon conclusion of the discovery.

### J.      SETTLEMENT AND SETTLEMENT MECHANISM

**Plaintiff:** Settlement discussions to date have been unsuccessful since the parties are attempting to resolve the issue of personal jurisdiction; however, Plaintiff believes that further settlement discussions will benefit from a developed factual record and upon ruling on the issue of personal jurisdiction.  In addition, Plaintiff requests private mediation pursuant to Local Rule 16-15.4.

**Defendant:** Defendant agrees that the ruling on the issue of personal jurisdiction will affect settlement discussions.  Defendant believes that another

preliminary issue is whether the Ninth Circuit's holding in Chen is applicable to professional plaintiffs. In the event that Court finds Chen applicable, the Parties would benefit from private mediation pursuant to Local Rule 16-15.4.

**K.  TRIAL ESTIMATE**

**Plaintiff:** 3-5 days.

**Defendant:** 3-5 days.

**L.  CLASS CERTIFICATION**

The parties request that the Class Certification date is set for December 1, 2018.

**M.  TIMETABLE:** Please see attached Exhibit A.

**N.  OTHER ISSUES**

**Plaintiff:** None.

**Defendant:** None.

**O.  Conflicts**

**Plaintiff:** None.

**Defendant:** None.

**P.  PATENT CASES**

Not applicable

**Q.  Magistrates**

The parties do not consent to have a Magistrate Judge preside over all the proceedings in this case.

Date: August 1, 2018                              HYDE & SWIGART, APC

                                          By:  s/ Yana A. Hart
                                              Yana A. Hart
                                              *Attorneys for Plaintiff*

Date: August 1, 2018          **ARENDSEN CANE MOLNAR LLP**

By: <u>  s/ Levi Lesches  </u>
Levi Lesches
*Attorneys for Defendant*

### Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Levi Lesches, counsel for Defendant, and that I have obtained Mr. Lesches' authorization to affix his electronic signature to this document.

Date: August 1, 2018          **HYDE & SWIGART, APC**

By: <u>  s/ Yana A. Hart  </u>
Yana A. Hart
*Attorneys for Plaintiff*